UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS A BANKS, *et al.*,  )<br>                                                          )<br>                    Plaintiffs,        )<br>                                                          )<br>          v.                                            )<br>                                                          )<br>INSPIRED TEACHING SCHOOL, *et al.*, )<br>                                                          )<br>                    Defendants.     )<br>                                                          ) | Case: 1:16-cv-00038  Jury Demand<br>Assigned To : Unassigned<br>Assign. Date : 1/8/2016<br>Description: Pro Se Gen. Civil (F Deck) |

## **MEMORANDUM OPINION**

This matter comes before the court on review of plaintiff Louis A. Banks' application to proceed *in forma pauperis* and his *pro se* civil complaint. The Court will grant the application and dismiss the complaint.

Mr. Banks' son attends the Inspired Teaching School. His claims against the school, certain staff members of the school, Catholic Charities and the District of Columbia's Child and Family Services Agency arise from an incident on September 17, 2015, when the defendants allegedly "conspired [to make a] false statement, fraud fabrication slandering, libel remakes print, writing that was malice defamed and put . . . into a false light lying to law enforcement (MPD) and Emergency Medical Services," Compl. at 3 (page numbers designated by the Court). Among other relief, the plaintiffs demand damages of $100 million. *Id.* at 7.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. In addition, federal district courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). Notwithstanding the plaintiffs' citation to 42 U.S.C. § 1983, their claims do not arise under the Constitution; they are tort claims cognizable under District of Columbia law. Although the plaintiffs' claim ostensibly exceeds $75,000, the plaintiffs fail to demonstrate diversity of citizenship because all of the parties appear to reside or conduct business in the District of Columbia. The Court therefore will dismiss the complaint for lack of subject matter jurisdiction.

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Beryl A. Howell
United States District Judge

DATE: 1/7/2016