UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOUIS A. BANKS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 16-0038 (RBW) |
| INSPIRED TEACHING SCHOOL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint With Prejudice, ECF No. 18, and the District Defendants' Motion to Dismiss, ECF No. 27. For the reasons discussed below, the Court grants the defendants' motions.[1]

I. BACKGROUND

*A. The Plaintiffs' Allegations and Legal Claims*

Louis A. Banks ("the plaintiff") brings this action on his behalf and on behalf of his minor son ("D.B."). *See* Am. Compl. ¶¶ 1-2.[2] Their claims arise from an incident that occurred

---

[1] In light of the Court's ruling, the plaintiffs' other pending motions, ECF Nos. 31, 34, 40, 41, and 43, will be denied. The Court will also deny the plaintiffs leave to file the "Plaintiff's Federal Rules 16 Motion for Discovery and Inspection of Evidence," which the Clerk of Court received on October 27, 2016. Additionally, the District Defendants' motion for an extension of time, ECF No. 32, was entered in error and therefore will be terminated.

[2] Pursuant to the Court's June 23, 2016 Order, ECF No. 6, the plaintiffs' "Motion to Reinstate[] or Reopen[]," ECF No. 5, is considered as their Amended Complaint ("Am. Compl.").

1

on September 17, 2015, *see id*. ¶ 1, at the Inspired Teaching School, a public charter school in the District of Columbia, *see generally id*. ¶¶ 6-9, 12-28.

According to the plaintiff, after he accompanied D.B. to his first grade classroom at 8:30 a.m., Am. Compl. ¶ 6, Misty Freeman, Zoe Duskin and Deborah Williams "lock[ed D.B.] in the psychologist room," *id*. ¶ 7, without first securing parental consent, *id*. ¶ 8, in order to "force [D.B.] to take a CAT assessment," *id*. ¶ 7; *see id*. ¶ 16. For reasons that are not stated in the pleadings, a call was made for emergency medical services, *see id*. ¶¶ 19-21, 31, and Fire and Emergency Medical Services Department ("FEMS") personnel arrived at the school at 3:16 p.m., *id*. ¶ 26. Their report suggested that D.B. was "not completely alert (not responding appropriately)" and displayed "Abnormal Behavior." *Id*., Exhibit ("Ex.") 4 (Incident Report 2015-0153642-000).

The plaintiff returned to the school "to pick up [D.B.] at 3:15 p[.]m.," *id*. ¶ 25, arriving when D.B. was "being seen by Emergency Medical Services" personnel, *id*. ¶ 26. The plaintiff entered the room where D.B. was located, *id*. ¶ 27, he observed "4 men around [D.B.], and "yelled . . . to them do not touch [D.B.]," *id*. Zoe Duskin allegedly "close[d] and block[ed] the door for 5 sec[onds] keeping the [p]laintiff[] and [D.B.] inside" the room. *Id*. ¶ 28. When Duskin "move[d] from the door," *id*., the plaintiff and D.B. left the premises, *id*. ¶ 29. The plaintiff took D.B. to Children's National Medical Center, where D.B. was treated and released. *Id*.

A Metropolitan Police Department ("MPD") officer also responded to the school. *Id*. ¶ 31. According to the police report, D.B. "was making threats to harm himself." *Id*., Ex. 5 (CCN # 15146975 – Public Narrative). According to the plaintiff, however, defendants Duskin,

Freeman, Mathews, Williams, Proctor, Harris and Sotelo "lied to [the responding officer by] making a false statement in the police public incident report making up crimes to frame [him] and [D.B.]" *Id*. ¶ 31.  Subsequently, an individual whom the plaintiff does not identify accompanied the officer to the plaintiffs' residence "to conduct a welfare check," but "there was no answer at the door after multiple attempts and nobody was heard inside." *Id*., Ex. 5.  Although the plaintiffs were not clients of Catholic Charities of the Archdiocese of Washington, *id*. ¶ 13, the plaintiff alleges that an unidentified Catholic Charities staff member made a "false police report statement," *id*. ¶ 34, to MPD Officer Fred Rosario at the Fifth District police station, *id*. ¶ 35.  According to the plaintiff, information in the police report has been used "for secret surveillance to target [him,]" as information about these events is maintained in records of the Child and Family Services Agency, the MPD, and the FEMS "for financial gain. (Racial Profiling)." *Id*. ¶ 33.

> for money damages, declaratory, injunctive relief brought pursuant to 42 U.S.C. [§] 1983, 28, U.S.C. [§] 1331[,] Fourth, Fourteenth Amendments fundamental rights liberty, due process, equal protection clause under the law United States Constitution[].  In addition United States Constitution Title 18 U.S.C. Section 241 Conspiracy Against Right, and 242 Deprivation of Right Under Color of State law.

The plaintiff describes this case as an action

Am. Compl. ¶ 5.  Among the defendants he is suing are: (1) the Inspired Teaching School and three of its faculty members (Misty Freeman, Zoe Duskin and Deborah Williams); (2) Catholic Charities of the Archdiocese of Washington and five of its employees (Susan Proctor, Chanel Sotelo, Kristin Mathews, Huy Bui and Donte Harris); (3) the District of Columbia; and (4) the District of Columbia Child and Family Services Agency and two of its employees (Raymond

3

Davidson and Shirley Green). *Id.* at 1 (caption). The plaintiffs allegedly have "suffered loss to [their] reputation, shame, emotional distress, denial procedural, denial of fair process, unjustifiable deprivation of liberty due process . . . , false imprisonment [and] the plaintiffs['] federally protected rights," for which they demand damages totaling $100 million. *Id.* ¶ 48.

*B. The Plaintiffs' Superior Court Case*

On December 30, 2015, the plaintiff filed a civil action in the Superior Court of the District of Columbia ("Superior Court") against the District of Columbia, the Inspired Teaching School, Misty Freeman, Zoe Duskin, Deborah Williams, Catholic Charities, Susan Proctor, Chanel Sotelo, Kristin Mathews, Huy Bui, and the District of Columbia Child and Family Services Agency. *See* Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint With Prejudice ("Defs.' Mem."), Ex. 1 (docket sheet). The factual allegations set forth in the plaintiffs' Superior Court complaint also pertain to the events of September 17, 2015, *see generally id.*, Ex. 2 (Complaint, *Banks v. District of Columbia*, No. 15-10051 (D.C. Super. Ct. Dec. 30, 2015)), as do the allegations in the amended complaint filed in that Court, *see generally* Memorandum of Points and Authorities in Support of the District Defendants' Motion to Dismiss ("District Defs.' Mem."), Ex. 1 (Am. Compl., *Banks v. District of Columbia*, No. 15-10051 (D.C. Super. Ct. Mar. 16, 2015)). The plaintiffs brought claims under 42 U.S.C. § 1983 for alleged violations of their constitutional rights, as well as tort claims for "slander, libel, Malice Deformation [sic], False light," and demanded $100 million as compensation for "loss of . . . reputation, shame, mortification, and injury to [their] feelings." Defs.' Mem., Ex. 2 at 7 (page number designated by ECF); *see generally* District Defs.' Mem., Ex. 1 at 17-23 (alleging defamation, false light, actual malice and negligence) (page numbers designated by the plaintiff). All of the defendants moved to dismiss the Superior Court

4

complaint, and the parties appeared before Superior Court Judge Jennifer DiToro on May 12, 2016, for oral argument on the defendants' motions.[3]  *See* District Defs.' Mem. at 4; Defs.' Mem. at 2.  Judge DiToro issued a ruling from the bench granting the defendants' motions, and a written opinion followed on August 8, 2016.  *See* District Defs.' Mem., Ex. 2 (Order Dismissing Amended Complaint and Plaintiff's Motion to Add and Admit Exhibits, *Banks v. District of Columbia*, No. 15-10051 (D.C. Super. Ct. Aug. 8, 2016)).  The Superior Court complaint, as amended, was dismissed with prejudice on the basis that the plaintiffs failed to state a claim upon which relief could be granted.  *Id.*, Ex. 2 at 15.

## II. DISCUSSION

The defendants now move to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), again on the ground that the plaintiffs' amended complaint fails to state a claim upon which relief can be granted.  A complaint survives a Rule 12(b)(6) motion if it provides "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give the defendant[s] fair notice of what the claim is and the grounds on which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Courts must construe complaints in a light most favorable to the plaintiffs and "assume[s] the truth of all well-pleaded allegations."  *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004).  A Court's consideration is limited to "only the facts alleged in the complaint [and] documents either attached to or incorporated in the complaint," *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C. Cir. 1997), and matters such as records from other court

---

[3]  A transcript of Judge DiToro's ruling from the bench is attached to the motion to dismiss filed by Catholic Charities and the Inspired Teaching School defendants.  *See* Defs.' Mot., Ex. 4.

proceedings over which a Court may take judicial notice, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). The defendants argue that the doctrine of res judicata bars all of the plaintiffs' claims presented to this Court. *See* Defs.' Mem. at 4-5; District Defs.' Mem. at 6, 9-10. "Also known as 'claim preclusion,' this doctrine holds that 'a judgment on the merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). In other words, res judicata bars the plaintiffs' claims in this case "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).

The first component of the res judicata analysis requires the Court to determine "whether [this case and the Superior Court case] share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (citing *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). "[T]he facts surrounding the transaction or occurrence . . . operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page*, 729 F.2d at 820 (footnote and citations omitted). Two claims need not be "literally identical claims for res judicata to apply." *Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143, 149 (D.D.C. 2008), *aff'd sub nom. Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009). Based on the Court's review of the amended complaints filed in this case and in the Superior Court case,

both pleadings concern the identical events of September 17, 2015, involving D.B. while he was at the Inspired Teaching School, and both assert constitutional and tort claims arising therefrom for which the plaintiffs demand damages of $100 million.  The first component is therefore satisfied, there having been prior litigation involving the same claims or causes of action arising out of the identical event.

The remaining three components necessary to establish claim preclusion are also satisfied.  It is apparent that the prior litigation was between the same parties.  The plaintiffs and all of the Catholic Charities defendants, the Inspired Teaching School defendants, and the District of Columbia defendants are named as parties in both cases.  Further, Judge DiToro's ruling on the defendants' motions to dismiss for failure to state a claim upon which relief may be granted is a final judgment on the merits of the plaintiffs' constitutional and tort claims.  Moreover, the Superior Court is a court of competent jurisdiction, such that its disposition of the prior case operates as a final judgment for res judicata purposes.  *See Middlebrooks v. Medstar Health, Inc.*, No. 11-7003, 2011 WL 4920695, at *1 (D.C. Cir. Sept. 27, 2011) (per curiam); *Remy Enter. Grp., LLC v. Davi*s, 37 F. Supp. 3d 30, 41 (D.D.C. 2014); *see also Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (finding that decision on a Rule 12(b)(6) motion "presents a ruling on the merits with res judicata effect").

The plaintiffs acknowledge the existence of the prior Superior Court case.  *See* Memorandum of Point[s] and Authorities in Support of Plaintiff's Motion, ECF No. 25, at 1-2 (page numbers designated by ECF); Memorandum of Points and Authorities in Support of Plaintiff's Motion, ECF No. 33 ("Pls.' Supp. Opp'n") ¶¶ 21-22, 24, 26.  However, in the plaintiffs' view, Judge DiToro's ruling is merely evidence of a conspiracy to deprive them of their civil rights, *see* Pls.' Supp. Opp'n ¶ 26, of judicial bias, *id.*, and abuse of authority, *id.*  ¶ 30.

7

Missing from the plaintiffs' oppositions is any response to the defendants' substantive legal arguments for dismissal.  Instead, the plaintiffs merely recount the events of September 17, 2015, repeat their constitutional and tort claims, and assert the defendants' liability for the harms they allegedly suffered.  *See generally id*.

The defendants have demonstrated that a prior action against them based on the same facts culminated in an adjudication of the merits of the plaintiffs' claims by the Superior Court.  Because all four of the res judicata components are therefore satisfied, the plaintiffs' claims are barred by the doctrine of res judicata.  *See Zellars v. United States*, 578 F. Supp. 2d 1, 3 (D.D.C. 2008).

### III. CONCLUSION

For the reasons outlined above, the Court concludes that the plaintiffs' complaint, as amended, fails to state a claim upon which relief can be granted because all of the claims are barred by the doctrine of res judicata.  The defendants' motions to dismiss will be granted.  An Order is issued separately.

DATE:  March 17, 2017

/s/
REGGIE B. WALTON
United States District Judge